A. M. STRATTON v. TAYLOR and RICHARDSON.

AMENDMENT: CHANGE OF PARTIES.—An amendment to a complaint, by adding new parties as nominal plaintiffs, is authorized by the 13th section of the new Pleading Act of 1850, which expressly allows amendments by striking out or adding the name of any party to a pleading.

IN error from the Circuit Court of Rankin County. Hon. John E. M'Nair, judge.

T. M'Gowan, for plaintiff in error,

Contended, that the amendment could not relate back to the commencement of the suit, and cure the want of a right of action in the plaintiff at that time. That the legal title must be in the plaintiff when the action is brought, and it is not sufficient if it be

so at the time of the trial.    6 Binn. R. 454; 5 Harr. & J. 161; 5 Watts & Serg. 427; 3 How. Miss. R. 383; 11 S. & M. 452.

*D. Mayes*, on same side.

*Geo. L. Potter*, for defendants in error,

Cited 4 S. & M. 352, and the new Pleading Act of 1850, § 13, and contended that the amendment was fully authorized by that statute.

FISHER, J., delivered the opinion of the court.

This action was commenced by Wright, Davenport & Co., as indorsees of a promissory note, made by Stratton, payable to Taylor & Richardson.    Finding that they were mistaken as to the indorsement of the note, an amended complaint was filed, making Taylor & Richardson, the nominal plaintiffs, and Wright, Davenport & Co., the usees.    It is insisted that this amendment could not be made under the Pleading Act of 1850.

The 13th section of that act gives the court full power to make amendments, either by adding or striking out the name of any party to a pleading.    The amendment in this instance was fully authorized by this section.

Judgment affirmed.